ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Sierra Club, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 14-1249 |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| Respondent. | ) | |

## MOTION OF AMERICAN PETROLEUM INSTITUTE FOR LEAVE TO INTERVENE

Pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure, D.C. Cir. R. 15(b) and 28 U.S.C. § 2348, the American Petroleum Institute (API) requests leave to intervene in the above-captioned proceeding. Counsel for intervenors Sabine Pass Liquefaction, LLC and Sabine Pass LNG, L.P. (together, Sabine Pass) have authorized the undersigned to indicate that Sabine Pass supports this motion. Counsel for the Federal Energy Regulatory Commission (FERC or Commission) takes no position on this motion. API reached out to both identified counsel for Petitioner but did not hear back as of the time of this filing.

For nearly 100 years, API has served as the preeminent national trade association for the oil and natural gas industry in the United States charged with, *inter alia*, representing the economic and legal rights of its members in legal proceedings. API is the largest trade association for the industry, with more than

600 members, including owners and operators of liquefied natural gas (LNG) import and export facilities in the United States and around the world, as well as owners and operators of LNG vessels, and manufacturers of essential technology and equipment used all along the natural gas value chain. API publishes and regularly revises more than 600 industry standards, and many members have extensive experience developing and producing America's natural gas resources in a safe and environmentally responsible manner.

API has a strong interest that cannot be represented by the other parties in this proceeding and thus meets the standard for intervention, as explained below.

## BACKGROUND

On November 17, 2014, the Sierra Club filed a Petition for Review with this court seeking review of the Commission's February 20, 2014 order authorizing an increase in the maximum LNG production capacity for Trains 1, 2, 3, and 4 of the Sabine Pass liquefaction project from 2.2 billion cubic feet (Bcf) per day to approximately 2.76 Bcf per day (Order Amending Section 3 Authorization) 1/ and the Commission's September 18, 2014 order denying Sierra Club's request for rehearing of the Order Amending Section 3 Authorization (Order Denying

---

1/    *Sabine Pass Liquefaction, LLC,* 146 FERC ¶ 61,117, 2014 WL 657806 (Feb. 20, 2014).

2

Rehearing). 2/ These orders amend Sabine Pass's existing April 16, 2012 order authorizing Sabine Pass to site, construct, and operate facilities for the liquefaction and export of LNG. *Sabine Pass Liquefaction, LLC*, 139 FERC ¶ 61,039, 2012 WL 1312891 (Apr. 16, 2012) (2012 Order). Sierra Club did not seek judicial review of the 2012 Order, nor does it challenge it now.

In its Order Denying Rehearing, the Commission disagreed with the Sierra Club that it violated the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C. §§ 4321 *et seq*. (2006), by failing to study the effect of upstream "induced production" of natural gas, among other alleged errors. The Commission also disagreed with the Sierra Club that it failed to properly coordinate with the United States Department of Energy (DOE) and that an environmental impact statement (EIS) was required.

## ARGUMENT

API seeks intervention to oppose Petitioners' attempts to improperly expand the scope of NEPA. API strongly supports safe and environmentally responsible development; but the Petitioners' arguments in this proceeding are not supported in law. The incremental capacity at issue in this proceeding is one of literally thousands of incremental sources of future natural gas demand on the fully

---

2/    *Sabine Pass Liquefaction, LLC*, 148 FERC ¶ 61,200, 2014 WL 4649817 (Sept. 18, 2014).

integrated and interconnected North American natural gas grid. Petitioner would have FERC include in its analysis unreliable, unverifiable information derived from analytics that assume what they seek to prove – that some of API's members' long-standing natural gas production activities are connected in any measurable way to Sabine Pass's capacity expansion. This is not what NEPA requires.

## I.     Legal Standard

Under Fed. R. App. P. 15(d), a motion to intervene should make "a concise statement of the interest of the moving party and the grounds for intervention." This Court has noted that "in the intervention area the interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967) (reversing denial of intervention under Fed. R. Civ. P. 24(a)).

This court has previously allowed intervention of coalitions and trade associations in petitions for review challenging federal orders. *See, e.g*, *Yakima Valley Cablevision Inc. v. FCC*, 794 F.2d 737 (D.C. Cir. 1986) (granting intervention of National Cable Television Association as intervenor in support of petitioner); *Am. Farm Bureau Fed'n v. EPA*, 559 F.3d 512 (D.C. Cir. 2009) (listing American Lung Association and Environmental Defense Fund as intervenors on the side of respondent); *Am. Trucking Ass'ns v. EPA*, 175 F.3d 1027 (D.C. Cir.

4

1999) (listing American Lung Association as intervenor on the side of respondent). Comparable circumstances warrant a grant of intervention to API because its members will be directly impacted for the reasons set forth below. API understands that, pursuant to D.C. Cir. R. 15(b), intervention in the instant appeal is deemed intervention in all cases before this Court involving the same action.

## II.  API Member Interests Will Be Directly Impacted.

Petitioner Sierra Club is engaged in a nationwide, tri-partite campaign against all fossil fuels, which it has branded "Beyond Natural Gas," "Beyond Coal," and "Beyond Oil." 3/  As these names suggest, Petitioner is not ultimately concerned with Respondents' adequacy of review under NEPA. Rather, Petitioner seeks to slow (if not permanently delay or end) the development of fossil fuels and all forms of infrastructure that transport or utilize fossil fuels – despite centuries of safe and reliable use of these fuels and their continued need to serve the public interest. API members comprise the very oil and natural gas industry that the Petitioners seek to eliminate. Therefore, API should be permitted to intervene in this proceeding to protect its members' interests where, as here, the other elements of the test for intervention are met. 4/

---

3/   *See* Sierra Club website *at* http://www.sierraclub.org/beyond-fossil-fuels (last reviewed Dec. 17, 2014).

4/   *See, e.g.*, *Conservation Law Foundation v. Mosbacher*, 966 F.2d 39, 41 (1st Cir. 1992) (members of the regulated industry that are directly affected by agency action have a significant, protectable interest that supports intervention).

5

### III. Intervention Is Appropriate Where API's Interests Cannot Be Adequately Represented and No Prejudice Will Result.

API's right to intervene as a party depends on whether its interests are adequately represented by existing parties. They are not. Both FERC and Sabine Pass can be expected to focus their attention narrowly on Sabine Pass's specific circumstances and the permitted increase of maximum liquefaction capacity for Trains 1 through 4. Yet Petitioners – consistent with the goals of their nationwide campaign against fossil fuels – argue more broadly and have protested nearly all LNG export project dockets pending before FERC and DOE. 5/ The Sierra Club has pressed nearly identical arguments regarding alleged environmental impacts from "induced production" in all such proceedings. Thus, this appeal may have precedential effect on all pending and future proceedings.

The interest API is seeking to protect is the integrity of NEPA review not only before the Commission, but more broadly for many different types of energy projects not regulated by Respondent. Because these interests necessarily will not always coincide with those of Respondent and Sabine Pass, intervention is appropriate here under Fed. R. App. Proc. 15(d). *See Nuesse*, 385 F.2d at 703.

API has been extensively involved in the DOE process for analyzing impacts associated with the export of domestically-sourced LNG from the U.S. API did not intervene at the Commission for the very reasons cited in the Commission's own orders – DOE, not the Commission, is the agency responsible for NEPA review related to the export of the LNG commodity (as opposed to the site or facilities to export LNG), and Sabine Pass will be required to receive an additional authorization from DOE to the extent it seeks to export any incremental volumes. 6/ But the Sierra Club has conflated the two agency processes. Thus, this fact should not be determinative or otherwise prevent API's intervention here.

There is no risk that intervention in this case will prejudice the rights of Petitioners or Respondent or delay these proceedings. Under Fed. R. App. P. 15(d), a notice of intervention is due within 30 days of the filing of a Notice of Appeal or Petition for Review. API has satisfied that deadline. A scheduling order has yet to issue, so there is no prejudice to the schedule in this case.

---

5/    *See, e.g.*, FERC Docket Nos. CP09-6 (Oregon LNG), CP12-29 and CP12-509 (Freeport LNG), CP12-507 (Corpus Christi LNG), CP13-25 (Cameron LNG, LLC) (FERC orders also on appeal before this court); CP13-113 (Dominion Cove Point LNG), CP13-483 (Jordan Cove Energy Project), CP13-552 and CP13-553 (Sabine Pass Liquefaction), CP14-71 and CP14-72 (Excelerate Liquefaction), CP14-120 (Trunkline LNG), CP14-347 (Magnolia LNG), CP14-517 and CP14-518 (Golden Pass LNG), and PF13-11 (CE FLNG).

6/    Order Denying Rehearing, at para. 14.

## CONCLUSION

API is committed to ensuring a strong, viable U.S. oil and natural gas industry capable of meeting the Nation's energy needs – and other nations' energy needs – in an environmentally responsible manner, on a reasonable timeframe, informed by a robust review process before the relevant federal agencies. For the foregoing reasons, API has a substantial interest in participating in this proceeding that cannot be adequately represented by any party. API's Motion for Leave to Intervene should be granted.

Respectfully submitted,

/s/ Catherine E. Stetson

| | |
|---|---|
| STACY LINDEN | CATHERINE E. STETSON |
| BEN NORRIS | JANNA R. CHESNO |
| AMERICAN PETROLEUM INSTITUTE | HOGAN LOVELLS US LLP |
| 1220 L Street, N.W. | 555 Thirteenth Street, NW |
| Washington, D.C. 20005 | Washington, D.C. 20004 |
| (202) 682-8000 | (202) 637-5600 |
| LindenS@api.org | Cate.Stetson@hoganlovells.com |
| NorrisB@api.org | Janna.Chesno@hoganlovells.com |

December 17, 2014

*Counsel for American Petroleum Institute*

## CORPORATE DISCLSOURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 26.1 of the Rules of this Court, undersigned counsel for intervenor provides the following corporate disclosure statement:

The American Petroleum Institute is a not-for-profit trade association based in Washington, D.C. that is charged with promoting the interests of its over 600 members in the United States. API is not a publicly-held corporation and does not have any parent companies that have ten percent (10%) or greater ownership interest in API.

Respectfully submitted,

/s/ Catherine E. Stetson

| | |
|---|---|
| STACY LINDEN | CATHERINE E. STETSON |
| BEN NORRIS | JANNA R. CHESNO |
| AMERICAN PETROLEUM INSTITUTE | HOGAN LOVELLS US LLP |
| 1220 L Street, N.W. | 555 Thirteenth Street, NW |
| Washington, D.C. 20005 | Washington, D.C. 20004 |
| (202) 682-8000 | (202) 637-5600 |
| LindenS@api.org | Cate.Stetson@hoganlovells.com |
| NorrisB@api.org | Janna.Chesno@hoganlovells.com |

December 17, 2014

*Counsel for American Petroleum Institute*

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Sierra Club, | ) | |
|       Petitioner, | ) | Case No. 14-1249 |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
|       Respondent. | ) | |

## **PROPOSED INTERVENORS CERTIFICATE AS TO PARTIES**

The American Petroleum Institute (API) hereby certifies that the Petitioner is the Sierra Club and that the Respondent is the Federal Energy Regulatory Commission. Sabine Pass Liquefaction, LLC and Sabine Pass LNG, L.P. have filed separate motions to intervene in this matter, which motions API does not oppose. API seeks leave to appear in this matter as an intervenor.

                                            Respectfully submitted,

                                           /s/ Catherine E. Stetson

| | |
|---|---|
| STACY LINDEN | CATHERINE E. STETSON |
| BEN NORRIS | JANNA R. CHESNO |
| AMERICAN PETROLEUM INSTITUTE | HOGAN LOVELLS US LLP |
| 1220 L Street, N.W. | 555 Thirteenth Street, NW |
| Washington, D.C. 20005 | Washington, D.C. 20004 |
| (202) 682-8000 | (202) 637-5600 |
| | Cate.Stetson@hoganlovells.com |
| | |
| December 17, 2014 | *Counsel for American Petroleum Institute* |

# **CERTIFICATE OF SERVICE**

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure, D. C. Cir. R. 25(c), and the Administrative Order Regarding Electronic Case Filing, I hereby certify that I have on this 17th day of December 2014 served the foregoing document on parties via email through the Court's CM/ECF system, unless otherwise indicated:

Nathan Matthews
Sierra Club
85 Second Street
Second Floor
San Francisco, CA  94105
nathan.matthews@sierraclub.org

Deborah A. Silvas
Stanford Law School
559 Nathan Abbott Way
Stanford, CA  94305
dsivas@stanford.edu

Robert H. Solomon
Karin L. Larson
Federal Energy Regulatory Commission
888 First Street NE
Washington, D.C.  20426
robert.solomon@ferc.gov
karin.larson@ferc.gov

Jonathan S. Franklin
Charles R. Scott
Lisa M. Tonery
Norton Rose Fulbright
801 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C.  20004
jonathan.franklin@nortonrosefulbright.com
charles.scott@nortonrosefulbright.com
lisa.tonery@nortonrosefulbright.com

/s/ Janna R. Chesno
JANNA R. CHESNO