IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Sierra Club, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
|   v. | )   No. 14-1249 |
| | ) |
| Federal Energy Regulatory Commission, | ) |
| | ) |
|        Respondent. | ) |

**JOINT MOTION TO HOLD PETITION IN ABEYANCE**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure, Circuit Rule 27, and this Court's January 13, 2015 Order regarding the filing of procedural motions, Respondent Federal Energy Regulatory Commission ("Commission") and Petitioner Sierra Club hereby move this Court to hold the captioned petition in abeyance pending resolution of another Sierra Club appeal of other Commission orders pending before this court, No. 14-1275, involving a substantially similar issue.

In the captioned case, Sierra Club seeks judicial review of Commission orders issued in FERC Docket No. CP14-12 granting authorizations under section 3 of the Natural Gas Act ("NGA"), 15 U.S.C. § 717b, to a liquefied natural gas ("LNG") facility owned by Sabine Pass LNG, L.P. and Sabine Pass Liquefaction, LLC. In No. 14-1275, Sierra Club and the Galveston Baykeeper (together "Sierra

Club") seek judicial review of Commission orders issued in FERC Docket Nos. CP12-29 and CP12-509 granting NGA section 3 authorizations to Freeport LNG Development, L.P. and its affiliates for their existing LNG facility. As Sierra Club identified in the docketing statements and non-binding statement of issues filed in both cases, these two cases share at least one substantively similar issue. An issue common to both cases is whether the National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321 *et seq.*, requires the Commission to further address the environmental effects of "induced" natural gas drilling and production related to exports.

Although both appeals involve the same petitioner and respondent, the cases arise from separately issued regulatory approval of different LNG projects owned by unrelated companies. The Freeport LNG and Sabine Pass LNG projects were reviewed by the Commission in separate administrative proceedings which entailed the Commission's individual environmental review of each project. Because the two cases are predicated on distinct agency records and Sierra Club raises additional, unrelated issues in each case, movants do not recommend consolidating the cases. However, because Sierra Club is raising the "induced production" of natural gas issue in both cases, and perhaps other issues common to both cases, this Court's resolution of any common issue in one case will be germane to, and may well be dispositive of, any common issue in the other case. Thus, holding No. 14-

1249 in abeyance pending a decision by a panel in No. 14-1275 would promote judicial economy and would serve to avoid potentially inconsistent decisions were the cases to proceed simultaneously.

Movants propose to hold the Sabine Pass LNG case (14-1249) in abeyance because, unlike the Freeport LNG case (14-1275), the Commission authorization granted to Sabine Pass LNG does not require any construction.[1]  Specifically, the challenged FERC orders in No. 14-1249 authorize an increase in LNG output at the previously and separately authorized Sabine Pass LNG terminal.  *Sabine Pass Liquefaction, LLC*, FERC Docket CP14-12 146 FERC ¶ 61,117, P 5 (2014) (increased capacity represents the peak capability of the LNG facility if built pursuant to prior authorization in unchallenged FERC proceedings: Docket Nos. CP11-72 and CP13-2).  The Sabine Pass case, 14-1249, challenges authorization of operational changes only, which changes cannot occur until the previously authorized construction is completed.  The most recent construction report in the pertinent FERC docket indicates that construction will not be completed until August 2017.[2]

---

[1] Sierra Club petitioned for review of the Sabine Pass LNG matter on November 17, 2014, 23 days before its December 10, 2014 petition for review of the Freeport LNG matter.

[2] Monthly Construction Progress Report for Sabine Pass Liquefaction Project, Docket Nos. CP11-72-000 & CP13-2-000, at 3 (Jan. 26, 2015), FERC Accession No. 20150126-5164.

In contrast, the challenged FERC orders in No. 14-1275 authorize, among other things, the construction of a liquefaction plant, pretreatment plant facilities and several interconnecting pipelines. *Freeport LNG Development, L.P.*, 148 FERC ¶ 61,076, P 16 (2014). Because the authorization granted to Freeport LNG in No. 14-1275 involves construction and construction is currently underway, Sierra Club desires for that case to proceed directly to the merits in as expeditious a manner as possible. To that end, the parties in No. 14-1275 are concurrently filing an uncontested proposed briefing schedule.

The rights of intervenors Sabine Pass Liquefaction, LLC and Sabine Pass LNG, L.P. will not be harmed if No. 14-1249 is held in abeyance. Even with the abeyance, both cases will likely be resolved before the increase in output at issue in No. 14-1249 can be utilized, currently expected to occur in late 2017, more than 30 months from now. Moreover, in the event that resolution of No. 14-1275 is delayed or takes longer than anticipated, there will be time for the parties to seek to return No. 14-1249 to active status.

Should the Court deny this joint motion to hold this case in abeyance, Sierra Club and the Commission hereby move this Court for fifteen days to develop a proposed briefing schedule. Such additional time would allow all the parties to develop a joint proposal that would avoid inefficient and duplicative briefing.

Counsel for intervenor the American Petroleum Institute has authorized the undersigned to state that American Petroleum Institute opposes this motion and will be filing a response, but would not oppose this motion if American Petroleum Institute is permitted to intervene in D.C. Cir No. 14-1275, pursuant to a motion to intervene American Petroleum Institute will be filing separately in that matter. Intervenors Sabine Pass Liquefaction, LLC and Sabine Pass LNG, L.P. oppose this motion and state that they will be filing a response.

**CONCLUSION**

For the foregoing reasons, the Commission and Sierra Club respectfully request that the Court hold the petition for review in No. 14-1249 in abeyance pending a decision by a panel in No. 14-1275.

|  | Respectfully submitted, |
|---|---|
|  |  |
|  | Robert H. Solomon |
|  | Solicitor |
| */s Nathan Matthews* |  |
| Nathan Matthews | */s/ Karin L. Larson* |
| Sierra Club | Karin L. Larson |
| 85 Second St., 2d Fl. | Federal Energy Regulatory Commission |
| San Francisco, CA 94105 | Washington D.C.  20426 |
| Tel:  415-977-5695 | Tel: 202-502-8236 |
| Fax: 415-977-5793 | Fax: 202-273-0901 |
| Nathan.Matthews@Sierraclub.org | Karin.Larson@ferc.gov |

January 30, 2015

5

*Sierra Club v. FERC*  **FERC Docket No. CP14-12-000**
D.C. Cir. No. 14-1249

# CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 24(d) and the Court's Administrative Order Regarding Electronic Case Filing, I hereby certify that I have, this 30th day of January, 2015, served the foregoing upon the counsel listed in the Service Preference Report via email through the Court's CM/ECF system or via U.S. Mail, as indicated below:

| | |
|---|---|
| Janna R. Chesno<br>Hogan Lovells US LLP<br>555 Thirteenth St., NW<br>Washington, DC 20004 | Email |
| Jonathan Saul Franklin<br>Fulbright & Jaworski LLP<br>801 Pennsylvania Avenue, NW<br>Suite 500<br>Washington, DC 20004 | Email |
| Nathan Matthews<br>Sierra Club<br>85 Second Street, 2nd Floor<br>San Francisco, CA 94105 | Email |
| Charles Russell Scott<br>Norton Rose Fulbright<br>666 Fifth Avenue<br>New York, NY 10103 | Email |
| Deborah A. Sivas<br>Stanford Law School<br>559 Nathan Abbott Way<br>Stanford, CA 94305 | Email |

Catherine E. Stetson　　　　　　　　　　　　　Email
Hogan Lovells US LLP
555 Thirteenth St., NW
Washington, DC 20004

Lisa M. Tonery　　　　　　　　　　　　　　　Email
Norton Rose Fulbright
666 Fifth Avenue
New York, NY 10103-3198

　　　　　　　　　　　　　　　　/s/  Natalie Spiegel
　　　　　　　　　　　　　　　　Natalie Spiegel
　　　　　　　　　　　　　　　　Sierra Club
　　　　　　　　　　　　　　　　85 Second St., 2d Fl.
　　　　　　　　　　　　　　　　San Francisco, CA 94105