ORAL ARGUMENT NOT YET SCHEDULED

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| Sierra Club, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 14-1249 |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Energy Regulatory Commission, | ) | |
| | ) | |
| Respondent. | ) | |

## AMERICAN PETROLEUM INSTITUTE CONDITIONAL OPPOSITION TO MOTION TO HOLD PETITION IN ABEYANCE

The American Petroleum Institute (API) hereby files to express its conditional opposition to the parties' joint motion to hold this petition in abeyance pending a decision in *Sierra Club v. FERC,* D.C. Cir. No. 14-1275 (hereinafter, *Freeport*).

*Freeport* involves the *same* Petitioner, the *same* federal agency, and raises an *identical* core issue of importance to API members, making a decision in *Freeport* likely to be dispositive of certain issues here.  Movants concede this point, noting in their motion that "because Sierra Club is raising the 'induced production' of natural gas issue in both cases [] … this Court's resolution of any common issue in one case will be germane to, and may well be dispositive of, any common issue in the other case." Motion, at p. 2. That is why, once API was put on notice of the parties desire to hold this

matter in abeyance until after a decision in *Freeport*, API sought to intervene out-of-time, for good cause shown, in *Freeport*.

If API's motion to intervene in *Freeport* is granted, API has no opposition to this case being held in abeyance as proposed. But if API's motion to intervene is denied in *Freeport*, and *Freeport* is briefed and decided without the benefit of API's full participation, API's rights as a permitted intervenor in *this* proceeding will be severely prejudiced, if not abrogated altogether. This point is undisputed. In contrast, Petitioner will not be prejudiced by API's intervention in *Freeport* given its lack of objection to an identical intervention motion in this proceeding.

For this reason, API conditionally opposes granting of the abeyance motion pending resolution of its motion to intervene in *Freeport*.

                                          Respectfully submitted,

                                          /s/ Catherine E. Stetson

| | |
|---|---|
| STACY LINDEN | CATHERINE E. STETSON |
| BEN NORRIS | JANNA R. CHESNO |
| AMERICAN PETROLEUM INSTITUTE | HOGAN LOVELLS US LLP |
| 1220 L Street, N.W. | 555 Thirteenth Street, NW |
| Washington, D.C. 20005 | Washington, D.C. 20004 |
| (202) 682-8000 | (202) 637-5600 |
| LindenS@api.org | Cate.Stetson@hoganlovells.com |
| NorrisB@api.org | Janna.Chesno@hoganlovells.com |
| | |
| February 11, 2015 | *Counsel for American Petroleum Institute* |

2

# CERTIFICATE OF SERVICE

Pursuant to Rule 25(d) of the Federal Rules of Appellate Procedure, D.C. Cir. R. 25(c), and the Administrative Order Regarding Electronic Case Filing, I hereby certify that I have on this 11th day of February 2015 served the foregoing document on parties via email through the Court's CM/ECF system, unless otherwise indicated:

Nathan Matthews
Sierra Club
85 Second Street
Second Floor
San Francisco, CA 94105-3441
nathan.matthews@sierraclub.org

Deborah A. Sivas
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
dsivas@stanford.edu

Robert H. Solomon
Karin L. Larson
Federal Energy Regulatory Commission
888 First Street NE
Washington, DC 20426
robert.solomon@ferc.gov
karin.larson@ferc.gov

Jonathan S. Franklin
Charles R. Scott
Lisa M. Tonery
Fulbright & Jaworski LLP
801 Pennsylvania Avenue, N.W.
Suite 500
Washington, D.C. 20004
Jonathan.franklin@nortonrosefulbright.com
Charles.scott@nortonrosefulbright.com
Lisa.tonery@nortonrosefulbright.com

/s/ Janna R. Chesno
JANNA R. CHESNO