# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 14-1249**  **September Term, 2014**

FERC-CP14-12-000
FERC-CP14-12-001

Filed On: March 24, 2015

Sierra Club,

    Petitioner

  v.

Federal Energy Regulatory Commission,

    Respondent

------------------------------

American Petroleum Institute, et al.,
    Intervenors

**BEFORE:** Rogers, Griffith, and Millett, Circuit Judges

## O R D E R

Upon consideration of the motion to hold petition in abeyance, and the responses thereto, it is

**ORDERED** that the motion to hold petition in abeyance be denied. The Clerk is directed to schedule this case for argument on the same date and before the same panel as Sierra Club, et al. v. FERC, No. 14-1275. The following briefing schedule will apply in this case:

| | |
|---|---|
| Petitioner's Brief | May 4, 2015 |
| Respondent's Brief | June 23, 2015 |
| Intervenor for Respondent's Brief | July 8, 2015 |
| Petitioner's Reply Brief | August 7, 2015 |
| Deferred Appendix | August 14, 2015 |
| Final Briefs | August 21, 2015 |

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 14-1249**                                                    **September Term, 2014**

All issues and arguments must be raised by petitioner in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . . When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

To enhance the clarity of the briefs, the parties are cautioned to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. See D.C. Circuit Handbook of Practice and Internal Procedure 41 (2014); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due. Filing by mail could delay the processing of the brief. Additionally, parties are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover, or state that the case is being submitted without oral argument. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                               **FOR THE COURT:**
                               Mark J. Langer, Clerk

                   BY:    /s/
                             Robert J. Cavello
                             Deputy Clerk